# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JONATHAN PARKER (#585877)**                              **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, III**                                      **NO. 15-656-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JONATHAN PARKER (#585877)                              CIVIL ACTION

VERSUS

NATHAN CAIN, III                                       NO. 15-656-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

On October 1, 2015, the *pro se* petitioner, an inmate confined at the Avoyelles Correctional Center, Cottonport, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 2012 in the Twenty-third Judicial District Court for the Parish of Ascension, State of Louisiana. The petitioner asserts that he received ineffective assistance of counsel during plea negotiations and colloquy, that his sentence is excessive, and that the trial court erred in denying his motion to withdraw his guilty plea.

### Pertinent Procedural History

On July 11, 2011, the petitioner pled guilty to one count of indecent behavior with a juvenile, one count of pornography involving juveniles, one count of computer aided solicitation of a minor, and one count of extortion. On February 13, 2012, the petitioner was sentenced to a total of 15 years imprisonment, with 10 years being without benefit of probation, parole, or suspension of sentence, due to concurrent sentences.

The petitioner appealed his conviction or sentence.  Relief was denied by the lower state appellate court on April 26, 2013 and by the Louisiana Supreme Court on November 22, 2013. *See State v. Parker,* 12-1550 (La. App. 1 Cir. 4/26/13), 116 So. 3d 744 and *State v. Parker*, 13-1200 (La. 11/22/13), 126 So.3d 478.  On November 21, 2014, the petitioner filed his Application for Post-Conviction Relief, which was denied by the trial court on December 2, 2014.  The petitioner sought further review of the denial of his PCR application, which was denied by the lower state appellate court on May 5, 2015.  *See State v. Parker,* 15-0258 (La. App. 1 Cir. 5/5/15).  On October 1, 2015, the petitioner filed the present application.

## Applicable Law and Analysis

The petitioner does not dispute that his application is untimely.  Instead, he asserts that he is entitled to equitable tolling due to a variety of emotional and intellectual disabilities.  The record does not reflect that there is any basis for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo, supra,* 544 U.S. at 418.  Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or

the law library, and inadequacies in the prison law library, are not generally sufficient to warrant

equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204

F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep

on their rights." *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012). Thus, a federal habeas

petitioner is required to act with diligence and alacrity both during the period allowed for the

filing of state post-conviction review proceedings and after the denial thereof by the state

appellate courts. *See Ramos v. Director,* 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

"The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum

feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks

omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner alleges in general that his mental and emotional incapacities make it

difficult for him to diligently pursue his legal rights. Although mental illness may warrant

equitable tolling, a petitioner must make a threshold showing of incompetence, and must show

that this incompetence affected his ability to file a timely habeas petition. *See Jones v. Stephens*,

541 F. App'x. 499, n.34 (5th Cir. 2013) (no causal connection between mental illness and failure

to file a timely petition, and noting that regardless of any alleged mental illness, the petitioner

had pursued state and federal habeas relief).

The petitioner has not identified any time during the tolling period during which his

alleged emotional or intellectual disabilities rendered him unable to diligently pursue his rights.

Specifically, the petitioner has not addressed the one year delay in the filing of his Application

for Post-Conviction Relief, and the nearly fourth month delay in the filing of the instant petition.

Mental diagnoses, in and of themselves, are not rare or extraordinary. The petitioner has not

presented this Court with any evidence on which to conclude the petitioner's alleged mental and

emotional incapacities rendered the petitioner unable to pursue his rights or understand and comprehend legal rules or proceedings, or that he was physically prevented from doing so by his conditions.  Accordingly, the petitioner has failed to show circumstances which would warrant equitable tolling in connection with his habeas corpus application.  The petitioner's application, therefore, should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

**<u>RECOMMENDATION</u>**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**